**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Theresa Evans,

        Plaintiff,

v.

Scott County School District, et al.,

        Defendants.

No. CV-25-08268-PCT-DWL

**ORDER**

      Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court denies.

      The Court cannot find that Plaintiff has established the level of financial need that would allow Plaintiff to proceed in forma pauperis. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute. Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (citations and quotation marks omitted).

      Plaintiff asserts that her household's gross monthly income is $3,150. Plaintiff's household's monthly expenses add up to $2,500, including rent, utilities, food, transportation, insurance, and credit card debt. That leaves a surplus of $650 per month. Plaintiff lists no dependents or other extenuating circumstances. Thus, Plaintiff can "pay

the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. *See, e.g.*, *Castro v. Comm'r of Soc. Sec. Admin.*, 2022 WL 17416766, *1 (D. Ariz. 2022) ("Plaintiff has $661.00 surplus each month after paying all of her living expenses. On this record, the Court finds that Plaintiff can pay the $402.00 filing fee."); *Julieann P. v. Kijakazi*, 2022 WL 6584374, *1 (S.D. Cal. 2022) ("The Court finds that the resulting $597.00 monthly surplus is sufficient to allow Plaintiff to pay a civil filing fee without depriving her of life's necessities."); *Segobia v. Saul*, 2019 WL 13466800, *2 (S.D. Cal. 2019) ("While Plaintiff's IFP application demonstrates that he is by no means wealthy, his monthly income does exceed his monthly expenses by $600 per month. Without knowing how Plaintiff uses this monthly surplus, the Court cannot conclude that Plaintiff is unable to pay the $400 filing fee required here."); *Lau v. Fed. Bureau of Investigation*, 2023 WL 5177610, *1 n.2 (D. Haw. 2023) (denying IFP application where applicant had "a monthly surplus of $496.03").

"The Court is sympathetic to Plaintiff's financial constraints, [but] to qualify for IFP status, a plaintiff must be experiencing such poverty that the plaintiff cannot reasonably pay court costs without forgoing the normal necessities of life." *Reardon v. O'Malley*, 2024 WL 2160514, *2 (D. Idaho 2024).

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the filing fee by **January 23, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of Court, without further notice, shall dismiss this case without prejudice if Plaintiff fails to pay the filing fee by **January 23, 2026**.

Dated this 23rd day of December, 2025.

Dominic W. Lanza
United States District Judge